## STANDARD PARTS CO. et al. v. CLEVELAND WELDING & MFG. CO.

(Circuit Court of Appeals, Sixth Circuit. December 12, 1924.)

No. 4055.

Patents ⚖328—1,153,481 and 1,153,482, for driving connections between felly and rim of automobile wheel, held anticipated and lacking in invention.

Bryant's patents No. 1,153,481, claims 2, 5, 7, and No. 1,153,482, for improvements to driving connections between felly and auxiliary tire carrying rim of automobile, *held* anticipated, and, if in part not anticipated, to involve no invention as to such part.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio.

Suit by the Standard Parts Company and another against the Cleveland Welding & Manufacturing Company. From a decree of dismissal, plaintiffs appeal. Affirmed.

A. V. Cannon and B. M. Kent, both of Cleveland, Ohio, for appellants.

Charles E. Brock and Hull, Brock & West, all of Cleveland, Ohio, for appellee.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. The issues and facts in this case will be found fully stated in Judge Westenhaver's opinion, 291 F. 820. Without determining other questions, it suffices to say that, on the conceded priority of Booth's invention, we concur in his conclusions both as to the three claims in Bryant's first patent, No. 1,153,481, and as to all of the claims of his second patent, No. 1,153,482. Referring to the former, Judge Westenhaver says: "Bryant's supposed invention—his step forward, if any, in the art—consists wholly in refraining from severing the lugs at the sides. This is an exceedingly narrow base upon which to rest a claim of novelty,

and still more so to rest a claim of invention. It is the mere shadow of a shade of an idea."

Referring to the second patent, he says that this "differs from the first patent only in that the single driver of the demountable rim is also made by stamping it integrally from the rim, instead of by riveting or welding thereto a plate, such as is shown in the first patent. This reversal of positions is plainly within the skill of the ordinary mechanic. It is disclosed and claimed by Tischbein. It is likewise disclosed and claimed in claims 6 and 7 of Booth; in fact, these claims 6 and 7 were claims 8 and 9 of the first Bryant patent and were added thereto during the pendency of Bryant's application, as a result of an argument made by his solicitor that such a reversal of positions was clearly within the scope and purport of his original drawings and specifications. Hence, as to the second patent, any question of novelty or invention resolves itself into the method of depressing or stamping this driving connection or lug from the metal of the rim or felly and severing its juxtaposed edges so as to form abrupt shoulders, to engage and co-operate with the abrupt shoulders of the two similar-spaced driving connections. Obviously, if Tischbein, Wagenhorst, or Booth had taught or disclosed the idea of practice of making the two spaced driving connections by stamping or embossing projections upon or from the felly or rim and integral therewith, no invention is present in applying the same process to any part of either the felly or the rim. * * * Certainly, in view of the teachings and disclosures of Tischbein, Wagenhorst, and Booth, no invention is present in either of them [the Bryant patents]. No new or different result is obtained by Bryant. The lugs perform no new and different function over the lugs of the prior art. They do not perform it in any materially better way. In forming these lugs, he has merely used a different die from that required to stamp the lugs disclosed by the Booth patent drawings. In so doing, he has at most merely carried slightly forward or made more specific the teaching of Tischbein, Wagenhorst, and Booth. As compared with Booth, the most that can be said is that he has refrained from severing the sides of the lug from the material of the wheel felly. This advance or step forward is, it seems to me, such only as would naturally suggest itself to the skilled mechanic. Whether it should be done one way or the other is probably more a shop expedient than a new idea. In the language of Mr.

Justice Bradley (107 U. S. 200, 2 S. Ct. 231, 27 L. Ed. 438), this is a 'shadow of a shade of an idea, which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures.'"

Decree affirmed.